# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DRUSILLA JACKSON,**

**Plaintiff,**

**-vs-**                                                    **Case No.  6:13-cv-394-Orl-18DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. 2312(D) (Doc. No. 27)** |
| **FILED:** | **June 26, 2014** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Plaintiff's application for fees and costs follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A).

Applied here, Plaintiff seeks "an award of attorney's fees in the amount of $7,113.50, paralegal fees in the amount of $24.00 and costs in the amount of $350.00 to be paid directly to her attorney based on a valid assignment . . . providing that the Plaintiff does not owe any debts to the government." (Doc. 27). Counsel Carol Avard avers that she spent 27.20 hours for the preparation of this case and attorney Mark Zakhvatayev spent 8.40 hours. Additionally, counsel spent 2.30 hours for the preparation of the fee petition, for a total of 37.90 hours claimed. The motion is opposed (Doc. 28), with the Commissioner claiming that the amount of hours is excessive. Upon review, the Court agrees with the Commissioner.

Assuming Plaintiff meets the requirements under the EAJA, the EAJA provides for recovery of "*reasonable* attorney's fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). Plaintiff bears the burden of showing that the hours requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The motion does not persuade the Court that 37.9 hours is reasonable in this case.

Plaintiff's counsel claims 31.6 hours for two lawyers to draft the brief on the merits. While the 19 page brief filed by Plaintiff was certainly adequate, it was not exceptional. As noted by the Commissioner, there were no novel issues and the brief addressed matters which should have been well familiar to counsel purporting to be highly experienced in this area of the law. Although the transcript was approximately 760 pages, this is not unusual. In fact, the fee sought here exceeds that recently awarded in a case where the transcript was 956 pages. *See Vanderhorst v. Commissioner of Social Sec.,* No. 6:13-CV-204-ORL, 2014 WL 547996 (M.D. Fla. Feb 11, 2014) (finding 27 hours to prepare the brief on the merits to be "high in the Court's experience."). While Plaintiff cites to decisions of numerous non-Florida courts to support her contention that the amount of hours claimed and the award sought is reasonable (Doc. 27, pp. 11-13), as Judge Dalton has observed:

This Court's review of attorney's fees awarded in this district in recent months indicates that an award in excess of thirty hours is uncommon. *Cruz v. Colvin*, No. 3:12–CV–283–J–32TEM, 2013 WL 5888116, *1 (M.D.Fla. Oct.31, 2013) (finding 23.7 hours to be reasonable); *Stone v. Comm'r of Soc. Sec.*, No. 3:12–CV–637–J–MCR, 2013 WL 5487006, *2 (M.D.Fla.2013) (finding 14.2 hours to be reasonable); *Gonzalez v. Colvin*, No. 8:12–CV–674–T–TGW, 2013 WL 5308093, *1 (M.D.Fla. Sept.19, 2013) (approving unchallenged request for 19.65 hours); *Wade v. Comm'r of Soc. Sec.*, No. 3:12–CV–853–J–MCR, 2013 WL 5236673, *2 (M.D.Fla. Sept.17, 2013) (finding 18.7 hours to be reasonable); *Preston v. Colvin*, No. 3:12–CV–482–J–MCR, 2013 WL 4502263, *2 (M.D.Fla. Aug.22, 2013) (finding 24.5 hours to be reasonable) *Karboski v. Colvin*, No. 8:12–CV–2033–T–33EAJ, 2013 WL 4437239, *2 (M.D.Fla. Aug.16, 2013) (finding 24.7 hours to be reasonable); *Kearney v. Colvin,* No. 8:12–CV–1961–T–33AEP, 2013 WL 3155032, *2 (M.D.Fla. June 19, 2013) (finding 23.3 hours to be reasonable); *Groninger v. Colvin,* No. 8:11–CV–1931–T–33AEP, 2013 WL 2708779, *2 (M.D.Fla. June 11, 2013) (finding 28.8 hours to be reasonable); *Daymon v. Colvin*, No. 3:11–CV–1108–J–MCR, 2013 WL 2479962, *2 (M.D.Fla. June 10, 2013) (finding 29 hours to be reasonable); *Spahiu v. Colvin*, No. 3:11–CV–1138–J–MCR, 2013 WL 2431969, *2 (M.D.Fla.2013) (finding 20.8 hours to be reasonable); *Zupo v. Colvin*, No. 8:11–cv–2857–T–TGW, 2013 WL 2352198, *2 (M.D.Fla. May 29, 2013) (finding 21.90 hours to be reasonable); *White v. Comm'r of Soc. Sec.*, No. 3:12–cv–367–J–MCR, 2013 WL 1760221, *1 (M.D.Fla. April 24, 2013) (finding 21.5 hours to be reasonable).

*Huntley v. Commissioner of Social Sec.*, No. 6:12–cv–613–Orl–37TBS, 2013 WL 5970717, *2 n. 1 (M.D. Fla. Nov. 8, 2013).  The Court concludes that Plaintiff has not met her burden of establishing that the fee sought here is reasonable.

A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so. *Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801, 806 (11th Cir. 2011).  Consistent with the above, the Court finds that no more than 24 hours of attorney time is reasonable for the preparation of the brief in this matter, and therefore recommends a reduction of 7.6 hours of time, making 30.3 the total number of reasonable hours (37.9 - 7.6 = 30.3).

As for the reasonable rate, counsel avers that the rates were calculated by factoring in the statutory rate of $125.00 per hour and adjusting for a cost of living increase based on the Consumer Price Index.  *See Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost

of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).  Plaintiff seeks $187.50 per hour for time spent in 2013 and $190 per hour for time spent in 2014.  The Commissioner does not object to the calculation of the rates.  Applied here, the brief was prepared and filed in 2013 and, with the reduction of hours recommended above, a reasonable fee is $5,688.50 ($7,113.50 [attorney's fees claimed] minus $1,425.00 [7.6 hours x $187.50]), plus costs in the amount of $350.00.[1]  It is **recommended** that this amount be awarded as reasonable under the EAJA.

With respect to the request for the government to accept the tendered assignment and pay any EAJA award directly to counsel, any agreement between the parties as to payment of the judgment is outside the purview of the judgment, and the parties may make whatever collection arrangements that they wish.  For present purposes, the Court declines to recommend that the government reimburse counsel directly.  *See Astrue v. Ratliff*, 560 U.S.586, 130 S. Ct. 2521, 177 L.Ed. 2d 91 (2010) (EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

It is therefore **respectfully recommended** that the motion be **granted**, in part, and that the Clerk be directed to enter judgment for attorney's fees in Plaintiff's favor accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 10, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1]Although Plaintiff claims $24 in paralegal fees, the Court does not recommend that this be awarded.  According to the papers filed, the paralegal tasks consist of filing notices with the Court.  As Magistrate Judge Smith has noted, "filing notices with the court are typically seen as clerical work." *Huntley*, *supra*  2013 WL 5970717, *4.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy